TAYLOR, Judge.
Alto Richardson was convicted by a Jefferson County jury of the robbery of John Coslow and was sentenced to 20 years’ imprisonment.
One Sid B. Little entered Grant’s Convenience Store in Birmingham, Alabama, and bought a bottle of Thunderbird wine. As the store clerk, Coslow, put the bottle in the sack, Little reached in his pocket, pulled out a blue steel pistol, cocked it, pointed it at Coslow, and ordered him to give him the money. Coslow gave Little $65 from the cash register. An automatic camera system was activated and took three pictures of Little. An alarm system was also activated. The police arrived at the convenience store within three minutes. Officer B.D. Pitts of the Birmingham Police Department spotted Little after the robbery and saw Little get into a small white car some distance from the convenience store which he had robbed. Pitts observed that the car was driven by someone else. The car drove away without its lights being turned on, and turned a corner. Then the officer stopped the car and placed Little and the driver under arrest. The driver was appellant Alto Richardson. The loaded blue steel pistol, the bottle of Thunderbird wine, and the currency were all found in the car. The bills bore the same serial numbers as the bills which had been placed in the Grant’s Convenience Store alarm system. Both men were charged with the robbery. In addition to this evidence, Little testified on behalf of the state at Richardson’s trial. He said that he and Alto Richardson had left his house together and discussed robbing someone in a “quick mart” store. Richardson told Little that he had a gun in his glove compartment and that Little should be the one to go into the store. Little asked him why he did not want to go in. Richardson explained to Little that his automobile’s transmission was “messed up” so that it was necessary that he drive the getaway car. Richardson let Little out at Grant’s Convenience Store, promising that he would be waiting for him when Little came out. When Little came out of the store, he saw that Richardson had driven off a little way and was parked on the street. He walked up to the car, and Richardson opened the door for him. Little jumped in and they drove away. When the police were observed by the robbers, Little tried to give the money to Richardson, but Richardson would not take it. Little identified himself in the photos taken by the automatic camera showing himself robbing the store.
I
It is first contended that there was insufficient corroboration of the testimony of the accomplice, Little, citing § 12-21-222, Code of Alabama 1975. Analysis pursuant to this statute requires that the evidence, excluding the testimony of the accomplice, be considered to determine whether it legitimately tends to connect the accused with the crime charged in the indictment. Staton v. State, 397 So.2d 227 (Ala.Cr.App.), cert. denied, 397 So.2d 232 (Ala.1981). The evidence of Richardson’s participation in this crime is far greater than showing mere proximity to the crime scene and opportunity, as was shown in Merriweather v. State, 364 So.2d 374 (Ala.Cr.App.), cert. denied, 364 So.2d 377 (Ala. 1978). The corroborative evidence here is strong. It does more than merely “tend to” connect the accused with the crime, although that is all that is required by the statute. Harris v. State, 420 So.2d 812 (Ala.Cr.App.1982). Richardson, as driver of the getaway car, was as much a partici *1364 pant in the crime as the gunman Little. No error was committed by the court’s permitting this strong case to go to the jury.
II
Richardson also contends that error was committed when a juror, Mrs. Diana Polito, failed to respond to a voir dire question. The question was: “Does anyone have a very close friend in law enforcement, police work, like a best friend or next door neighbor, anyone like that?” It was later learned that Mrs. Polito had worked in the Probate Judge’s office with a lady named Gloria Strickland. Gloria Strickland was employed, at the time of trial, by the Jefferson County District Attorney’s office.
This issue was raised in a motion for new trial. Mrs. Polito, when called to testify, said that she had known Mrs. Strickland for 12 years. She pointed out that Mrs. Strickland was a clerk in the D.A.’s office and said, “... she doesn’t prosecute people and she doesn’t arrest them.” She further testified that her relationship with Mrs. Strickland had nothing to do with her deliberations or her verdict. It was then proved that Mrs. Polito had previously served as a member of a jury which found a defendant not guilty.
In Ex parte Poole, 497 So.2d 537 (Ala.1986), our Supreme Court reiterated the rule that “... on the issue of whether the petitioner was prejudiced by a juror’s failure to respond to a question during voir dire, the test is whether the petitioner might have been, not whether he actually was prejudiced.” 497 So.2d at 542. There was no evidence in this case that the juror’s friend was in “law enforcement work” or “police work.” Nor was there any showing that she was “a very close friend,” a “best friend,” or a “next door neighbor.” This juror did no wrong in not responding affirmatively to the question quoted above. No error was committed in denying the motion for new trial on this ground.
This case is due to be affirmed.
AFFIRMED.
All the Judges concur.