Janette Peoples Nept was indicted for the offense of murder, in violation of § 13A-6-2, Code of Alabama 1975. The jury found Nept guilty of the lesser included offense of manslaughter, and she was sentenced to 10 years' imprisonment. Three issues are raised on appeal.
 I
Nept contends that the trial court erred in excluding evidence that the deceased allegedly had threatened Nept and had attacked Nept's brother with a broken bottle a week before she was killed. We disagree.
The trial court clearly allowed Nept's brother, Eddie Nathan, to testify twice in the jury's presence that the deceased, Angie Renee Triplett, followed Nept into Nathan's house, argued with Nathan, and broke a bottle and stabbed Nathan in the arm with the bottle only a week before she was killed.
An adverse ruling by the trial judge is prerequisite for preserving an alleged error in a criminal trial for appellate review. Harrell v. State, 555 So.2d 257 (Ala.Cr.App.), aff'd,555 So.2d 263 (Ala. 1989). Because the evidence at issue was in fact admitted and no adverse ruling was entered, no error occurred.
 II
Nept argues that the trial court committed reversible error when it sustained *Page 802 
the State's objection to the testimony of witness Lee Sims on the ground that Sims's statement to Nept that she should "watch her back" regarding the deceased was hearsay.
Although we agree that witness Sims's statement to Nept was not hearsay evidence, the State's untimely objection to such testimony was made after Sims had testified to that effect in front of the jury, and the State made no motion to exclude; thus, the jury was never instructed to disregard the statement at issue. Hence, any error in sustaining the State's untimely objection to Sims's statement was harmless where the statement was not excluded from the jury's consideration and where the substance of the testimony (that Nept had reason to fear the deceased because of her allegedly violent nature) was also admitted into evidence through the testimony of Nept's brother regarding the deceased's allegedly stabbing him with a broken bottle. See Rule 45, A.R.App.P., Cargill v. State,432 So.2d 520, 522 (Ala.Cr.App. 1983).
 III
Nept contends that the trial court erred in its charge to the jury on self-defense. In particular, Nept argues that because there was absolutely no evidence that she intended to kill the deceased, the trial court should have limited its self-defense instruction to the use of force and not the taking of life. We disagree.
We have reviewed the trial court's instructions to the jury on self-defense in their entirety, including the court's instructions during voir dire, and find them to be correct statements of law. The question of whether Nept intended to kill the deceased when she stabbed her in the chest with a steak knife was a question of fact for the jury to decide.Gurganus v. State, 520 So.2d 170 (Ala.Cr.App. 1987). Hence, the trial court properly charged the jury alternatively on 1) the indicted offense of murder and the statutory definitions of the terms "intentionally" and "knowingly"; 2) the lesser included offense of manslaughter, and 3) the plea of self-defense.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Alabama Supreme Court Justice, and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur.