PATTERSON, Presiding Judge.
The appellant, Jessie Avery, Jr., was convicted after a jury trial of manslaughter, in violation of § 13A-6-3, Code of Alabama 1975, and was sentenced to 10 years’ imprisonment.
I
The following arguments raised by the appellant are either procedurally barred or without merit as noted below: The appellant’s argument that the court’s oral charge contained elements of both intentional and reckless murder is procedurally barred because he failed to object on this ground at trial. Holder v. State, 584 So.2d 872 (Ala.Cr.App.1991). The appellant’s argument regarding his written requested jury instruction is procedurally barred because the appellant failed to state grounds for the objection. Coffey v. State, 581 So.2d 1266 (Ala.Cr.App.1991). The appellant’s argument regarding the denial of his motion to suppress his statement is without merit. See Hollis v. State, 399 So.2d 935 *1124 (Ala.Cr.App.1981). Moreover, even if the admission of his statement was error, it would be harmless error. The appellant’s argument that the trial court erred by sentencing him as a habitual offender is without merit. The appellant’s argument that the jury should have been dismissed, as it relates to jurors E.P. and H.S., is without merit. See Richardson v. State, 507 So.2d 1362 (Ala.Cr.App.1987); Turner v. State, 406 So.2d 1066 (Ala.Cr.App.), cert. denied, 406 So.2d 1069 (Ala.1981). That argument, as it relates to jurors R.R. and M.R., is procedurally barred because the appellant did not specifically object regarding these jurors and because his motion for new trial was not specific enough to put the trial court on notice that he was also complaining about these jurors. The appellant’s argument regarding the racial composition of the jury venire is without merit. See Dennis v. State, 584 So.2d 548 (Ala.Cr.App.1991). The appellant’s argument regarding Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), is without merit. See Stephens v. State, 580 So.2d 11 (Ala.Cr.App.1990), aff’d, 580 So.2d 26 (Ala.), cert. denied, — U.S. —, 112 S.Ct. 176, 116 L.Ed.2d 138 (1991). Cf. Watkins v. State, 551 So.2d 421 (Ala.Cr.App.1988).
II
The appellant argues that the trial court erroneously applied the firearm enhancement statute, § 13A-5-6(a)(5), Code of Alabama 1975, to his conviction for reckless manslaughter.[1] We note that the appellant did not object on this ground at sentencing; however, if the sentence is illegal, no objection is necessary to preserve the issue for review. Ex parte Brannon, 547 So.2d 68 (Ala.1989); May v. State, 586 So.2d 56 (Ala.Cr.App.1991). The appellant contends that Ex parte McCree, 554 So.2d 336 (Ala.1988), prevents the application of § 13A-5-6(a)(5) to his conviction for reckless manslaughter. In McCree, the Alabama Supreme Court held as follows:
“Here, the jury returned a verdict of manslaughter. By virtue of that finding, that McCree recklessly caused the death of his friend, the jury eliminated the element of McCree’s intentional use of a firearm as a means to take human life. The culpability of McCree for recklessness was established by the jury’s verdict. Otherwise, the guilty verdict would have reflected a higher degree of unlawful homicide. (Indeed, the indictment specifically charged McCree with manslaughter under § 13A-6-3(a)(l) and not with a higher degree of criminal culpability.) Therefore, the trial court was without authority to sentence McCree under an enhancement statute that, by its terms, is invoked only by a degree of culpability higher than that for which McCree had been found guilty.”
554 So.2d at 341. In the instant case, by finding the appellant guilty of reckless manslaughter, the jury acquitted the appellant of intentional murder and “eliminated the element of [his] intentional use of a firearm as a means to take human life”; therefore, § 13A-5-6(a)(5) is inapplicable to the appellant’s sentence.
Because the record does not affirmatively show that the trial court applied § 13A-5-6(a)(5) in sentencing the appellant, this case is remanded to the trial court for that determination. If the trial court applied § 13A-5-6(a)(5) in sentencing the appellant, the appellant must be resentenced without the application of that section. If the trial court did not apply § 13A-5-6(a)(5) in sentencing the appellant, then the trial court shall issue an order stating that that section was not applied in determining the appellant’s sentence. The trial court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 30 days of the release of this opinion. The return to remand shall include a transcript of the remand proceedings conducted by the trial court.
*1125 REMANDED WITH DIRECTIONS.*
All Judges concur.

. Section 13A-5-6(a)(5) provides that the sentence "[f]or a Class B or C felony in which a firearm or deadly weapon was used or attempt *1125 ed to be used in the commission of the felony [shall be] not less than 10 years.”

 Reporter of Decisions note: On August 4, 1992, the Court of Criminal Appeals issued the following order: Appeal dismissed on motion by appellant.