The appellant, Ortega Valdez Mays, was convicted of reckless manslaughter, a violation of § 13A-6-3(a)(1), Code of Alabama 1975. He was sentenced to 20 years in prison and was ordered to pay a $5,000 fine, $5,000 to the victim's compensation fund, and $3,013.29 in restitution.
The state's evidence tended to show that on June 17, 1991, the appellant, then 17 years old, fatally shot Falondra Caldwell, a 15-year-old girl, while she was at her *Page 348 
home. The appellant, with a friend, drove to the Caldwell residence around 3 p.m. on the day of the killing. There were several children playing in the yard. The appellant asked Kim, one of the victim's sisters who was playing in the yard, to get Falondra. When she refused, Mays pointed a pistol at her. Kim then went in the house to get Falondra.
Falondra came out of the house and talked to Mays for several minutes. At this time, Kim and Keisha, another of the victim's sisters, and a few other friends were also outside talking. Mays, still talking to Falondra, leaned through the driver's window of his car and pulled out a pistol. Kim, who is 11 years old, testified that she saw the appellant load two bullets into the gun. No one else saw him load the gun, but others heard a spinning noise like the cylinder was spinning around and heard the cylinder click as it was closed. Mays was taunting Falondra with the gun. Several children heard him ask, "You don't believe I'll shoot?" Then the gun fired. The bullet hit Falondra in the chest, piercing her heart immediately and causing a massive hemorrhage in both lungs.
Police officers were driving by shortly after the shooting and were flagged down by one of the children. The police secured the area and found the weapon and a spent hull on the ground near Falondra. The paramedics soon arrived and pronounced Falondra dead. Mays told one of the officers that he shot her but that the revolver had gone off accidently. Mays was taken into custody.
A firearms expert testified that it would be very difficult for the .357 caliber revolver involved in this case to fire accidently.
 I
The appellant contends that the enhancement provision of § 13A-5-6(a)(5), Code of Alabama 1975, which sets a higher minimum prison term for felony offenders when a deadly weapon has been used in the commission of the crime, was incorrectly applied here. This Code section states in pertinent part:
 "(a) Sentences for felonies shall be for a definite term of imprisonment, which imprisonment includes hard labor, within the following limitations:
". . . . .
 "(3) For a Class B felony, not more than 20 years or less than 2 years.
". . . . .
 "(5) For a Class B or C felony in which a firearm or deadly weapon was used or attempted to be used in the commission of a felony, not less than 10 years."
Relying upon Ex parte McCree, 554 So.2d 336
(Ala. 1988), the appellant argues that the jury's finding him guilty of reckless manslaughter precluded a finding of the intent required by § 13A-5-6(a)(5), the enhancement provision which requires the intentional use of a firearm. In McCree, an off-duty police officer was showing one of his friends the "features" of his pistol. McCree did not think there were any bullets in the gun, but he had not checked the chamber to see if it was loaded. The gun fired as the victim grabbed the pistol. The victim died as a result of this incident. The Alabama Supreme Court stated inMcCree:
 "Here, the jury returned a verdict of manslaughter. By virtue of that finding, that McCree recklessly caused the death of his friend, the jury eliminated the element of McCree's intentional use of the firearm as a means to take a human life. The culpability of McCree for recklessness was established by the jury's verdict. Otherwise, the guilty verdict would have reflected a higher degree of unlawful homicide. . . . Therefore, the trial court was without authority to sentence McCree under an enhancement statute that, by its terms, is invoked only by a degree of culpability higher than that for which McCree had been found guilty."
554 So.2d at 341 (emphasis in original). In other words, McCree was reckless in such a way that his actions did not reach the higher level of culpability intended by the legislature to invoke the enhancement provisions of § 13A-5-6. However, the court in McCree concluded its opinion by saying its holding was not applicable to every reckless *Page 349 
manslaughter case, but only to McCree and its specific facts. 554 So.2d at 341.
The facts of McCree and the present case are distinguishable. In McCree, the officer knew the gun was dangerous, but believed it to be incapable of firing because he thought it had no cartridges in it. He did not point the gun at the victim. The victim grabbed the gun. In the present case, Mays was taunting a young girl in front of several other children, stating that he would shoot her. He knew the pistol had a bullet in the chamber, which he had loaded himself. He was pointing it directly at the young girl. The victim did nothing to bring about the "accident."
The degree of recklessness in the present case far surpasses that found in McCree. The commentary to § 13A-6-3, Code of Alabama 1975, defines "recklessly" as follows:
 "[To act recklessly] means that a person [is] aware of and consciously disregard[s] 'a substantial and unjustifiable risk' that death will occur. 'The risk must be of such a nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation.' " [(quoting § 13A-2-2(3), Code of Alabama 1975).]
Here, the appellant was aware of placing the deceased victim at the risk of death and consciously and grossly disregarded that risk. This case exemplifies the reason the Alabama Supreme Court limited McCree to its facts. McCree
recognizes that there may be other situations where the enhancement provision should be used in reckless manslaughter cases. We hold that in this case there did exist the intent envisioned by the legislature to apply the enhancement provision for the intentional use of a firearm. No error occurred here.
The appellant additionally argues that even if the enhancement provision was properly applied, the judge misunderstood the minimum penalty requiring a resentencing hearing. At sentencing, the trial court made some confusing remarks about the range of sentence in this case, and stated that Mays should have been tried for murder. Disregarding those remarks, the court tended to business and sentenced Mays to 20 years, a lawful sentence. A sentence will not be overturned unless "it is clearly erroneous." Fordham v. State,513 So.2d 31 (Ala.Cr.App. 1986). The appellant's sentence was within the legal limits and thus was not "clearly erroneous."
 II
The appellant also contends that one of the jury instructions was a misstatement of the law. He argues that this instruction misled the jury and in essence directed the jury to find the appellant guilty of manslaughter.
The judge gave the following jury instruction:
 "I charge you a person who intentionally
draws a gun against another is certainly aware of the risk that the gun might discharge; therefore, he cannot be guilty of mere criminal negligence."
(Emphasis added.) After the jury instructions were given, the judge asked if all parties were satisfied. The appellant timely objected to the above instruction. The judge changed the charge to say "recklessly" instead of "intentionally." The judge instructed the jury to disregard the above statement, correcting himself by the following instruction:
 "I charge you a person who recklessly
draws a gun against another is certainly aware of the risk that the gun might discharge; therefore, he cannot be guilty of mere criminal negligence."
(Emphasis added.) After this statement was given to the jury, neither the appellant nor the state objected. No error was preserved for appellate review. Nept v. State,589 So.2d 801 (Ala.Cr.App. 1991). A judge functions at a high level of effectiveness when he corrects and clarifies a jury charge. Because the first charge was withdrawn and the second was not objected to, it would be dicta for us to address the merits of these charges. No error occurred here. *Page 350 
The judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.