The appellant, Gary Paul Jenkins, was convicted of assault in the second degree, in violation of § 13A-6-21, Code of Alabama 1975. He was sentenced to 10 years in prison.
The state's evidence tended to show that on December 31, 1991, the victim, Randy Belyeu, and his two brothers were at a New Year's eve party at Terry Whilhite's house trailer in Opelika. Around midnight the victim and his girlfriend were playing cards with another couple when they heard a fight. The victim turned and saw his brother, Roger, trying to break up the fight. The appellant turned on Roger, and hit him in the head with a beer bottle. Randy jumped up and tried to prevent the appellant from hitting his brother with the beer bottle again. Randy pulled the appellant to the sofa, holding his hands. Someone bumped into Randy, he lost his grip on the appellant's hands and the appellant struck him in the head with the beer bottle. The beer bottle broke, and the appellant stabbed Randy in the left eye with the broken bottle. He approached Randy again with the broken bottle. As Randy tried to fend him off with his hand, the appellant cut both of Randy's hands. As Randy turned from the fight, the appellant stated, "Come on, I want some more." All witnesses to the altercation stated that the attack on Randy was unprovoked.
Randy had to undergo extensive surgery. Dr. Emil Wright, an ophthalmologist in Lee County, testified that Randy's left eye was severely damaged and that his eye muscles *Page 1054 
in his left eye had been severed. The eyeball in his left eye was partially ruptured and his eye was full of blood when he was brought to the hospital for surgery. As a result of the injury to Randy's left eye, he lost all sight in that eye and was unable to continue his career as a catcher for the professional baseball team, the Chicago Cubs.
 I
The appellant initially argues that there was insufficient evidence to find him guilty of assault in the second degree. A person is guilty of assault in the second degree if:
 "With intent to cause serious physical injury to another person, he causes physical injury to any person by means of a deadly weapon or a dangerous instrument; or
 ". . . He recklessly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument. . . ."
§ 13A-6-21(a)(2) and (3), Code of Alabama 1975. (Emphasis added.)
The jury found the appellant guilty of assault in the second degree but did not specify which subsection of the above-quoted statute it was relying on in returning a verdict of guilty. The appellant maintained that the injuries to the victim were accidental and that he did not intend to cause any physical injury. However, the appellant's mental state at the time of the assault was a question for the jury to decide. White v. State, 527 So.2d 1349 (Ala.Cr.App. 1988). Second degree assault, as provided in § 13A-6-21, can be accomplished by intentional or reckless actions. The facts as deduced from the evidence recited above establish a prima facie case of assault in the second degree.
 II
The appellant next argues that the victim's testimony concerning the effect of his injuries on his career as a professional ball player had no probative value and was highly prejudicial. Specifically, he contends that this evidence was elicited purely to invoke the jury's sympathy. However, when this evidence was presented at trial defense counsel made the following objection: "I object to this line of questioning." Counsel failed to state his grounds for his objection. General grounds for objection do not preserve an issue for appeal. Whitley v. State, 607 So.2d 354 (Ala.Cr.App. 1992). This court will not consider an argument advanced for the first time on appeal. Watley v. State, 568 So.2d 852
(Ala.Cr.App. 1989), writ quashed, 568 So.2d 857 (Ala. 1990). Furthermore, this evidence was relevant to show the extent of the injuries suffered by the victim. No error occurred here.
 III
Last the appellant argues that the trial court erred in sentencing him to 10 years in prison pursuant to §13A-5-6(a)(5), which proscribes the minimum term for a class B or C felony committed with a firearm or a deadly weapon. Specifically, the appellant maintains that because the jury found him guilty of assault in the second degree it necessarily found his conduct reckless and not intentional and that, therefore, the court could not lawfully use the "firearm or deadly weapon" enhancement provision of § 13A-5-6(a)(5) in sentencing the appellant. The appellant contends that this section requires that the conduct underlying the felony be intentional and cites Ex parte McCree, 554 So.2d 336 (Ala. 1988). The Alabama Supreme Court stated in McCree:
 "First, implicit in the language of 13A-5-6(a)(5) '— a firearm or deadly weapon was used or attempted to be used in the commission of the felony —' is the requirement that the underlying felony for which the defendant is convicted have, as one of its necessary elements, the element of intentional criminal conduct. Therefore, McCree's reckless or negligent conduct . . ., while sufficient to supply the criminal scienter to support a conviction for a Class C felony, does not require a finding that he intentionally used the firearm to commit the felony, and thus can not support the application of 13A-5-6(a)(5). In other words, reading 13A-5-6 as a whole, we must construe subsection (a)(5) to mean that convictions for those underlying felonies that are committed without the intentional use of a deadly weapon do not fall within the category of convictions that invoke *Page 1055 
the enhancement provision of this statute.
 "Second, 'enhancement,' as that word is used to describe the effect of 13A-5-6(a)(5), necessarily means that in addition to the culpability of the offense for which the defendant has been convicted, the defendant's conduct is necessarily the result of a higher degree of culpability, because of the jury's finding that a 'firearm or deadly weapon was used or attempted to be used in the commission of the felony.' Indeed, the use of a deadly weapon to commit the underlying felony is the classic situation intended by the legislature to invoke the enhanced penalty."
McCree, 554 So.2d at 340-41 (first emphasis added; other emphasis original; footnote omitted). See also Avery v. State,603 So.2d 1123 (Ala.Cr.App. 1992). In this case, the jury failed to specify in its verdict whether the appellant's conduct was intentional or reckless. The trial court could not find, in the absence of a specific jury verdict, that the appellant's conduct was intentional. We agree with the appellant that the court could not sentence him under the enhancement provision of § 13A-5-6(a)(5).
In order for a defendant to be sentenced under the "firearm or deadly weapon" enhancement provision of § 13A-5-6(a)(5), it is necessary that the jury be given two verdict forms on an offense such as assault in the second degree, which can be accomplished either intentionally or recklessly. One verdict form would find the defendant guilty of intentional conduct. The second form would find him guilty of reckless conduct.
This cause is remanded to the Circuit Court for Lee County so that the appellant may be resentenced, without taking into account the "fire-arm or deadly weapon" enhancement provision of § 13A-5-6(a)(5). Due return should be filed in this court no later than 28 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.