710 So.2d 477 (1996)
Jack Brian RAILEY
v.
STATE.
CR-95-0850.
Court of Criminal Appeals of Alabama.
November 1, 1996.
Opinion on Return to Remand April 18, 1997.
Rehearing Denied June 20, 1997.
Irvin Harry Lyon, Pelham, for appellant.
Jeff Sessions and Bill Pryor, attys. gen., and LaVette Lyas-Brown, asst. atty. gen., for appellee.
LONG, Judge.
The appellant, Jack Brian Railey, was convicted of manslaughter, a violation of § 13A-6-3, Ala.Code 1975. He was sentenced to serve 168 months in the penitentiary.
The state's evidence tended to show that the appellant shot and killed his girlfriend, Constance A. McClenny, during an argument. (R. 33-34, 358.) The appellant maintained that the shooting was an accident. He testified that he had taken the clip out of a.25 caliber automatic pistol before the shooting and that he believed the weapon was unloaded and disarmed when he fired it. (R. 349-50.)
On appeal, the appellant contends that the trial court erred by sentencing him pursuant *478 to Alabama's "firearm enhancement statute," § 13A-5-6(a)(5), Ala.Code 1975, which prescribes a minimum sentence for a Class B or Class C felony committed with a firearm or deadly weapon. In Ex parte McCree, 554 So.2d 336 (Ala.1988), the Alabama Supreme Court stated:
"First, implicit in the language of § 13A-5-6(a)(5)  `a firearm or deadly weapon was used or attempted to be used in the commission of the felony'  is the requirement that the underlying felony for which the defendant is convicted have, as one of its necessary elements, the element of intentional criminal conduct. Therefore, [the defendant's] reckless or negligent conduct, which resulted in manslaughter, while sufficient to supply the criminal scienter to support a conviction for a Class C felony, does not require a finding that he intentionally used the firearm to commit the felony, and thus cannot support the application of § 13A-5-6(a)(5). In other words, reading § 13A-5-6 as a whole, we must construe subsection (a)(5) to mean that convictions for those underlying felonies that are committed without the intentional use of a weapon do not fall within the category of convictions that invoke the enhancement provision of this statute.
"Second, `enhancement,' as that word is used to describe the effect of § 13A-5-6(a)(5), necessarily means that in addition to the culpability of the offense for which the defendant has been convicted, the defendant's conduct is necessarily the result of a higher degree of culpability, because of the jury's finding that a `firearm or deadly weapon was used or attempted to be used in the commission of the felony.' Indeed, the use of a deadly weapon to commit the underlying felony is the classic situation intended by the legislature to invoke the enhanced penalty."
554 So.2d at 340-41 (emphasis in original; footnote omitted.). See also Ward v. State, 689 So.2d 218 (Ala.Cr.App.1996); Avery v. State, 603 So.2d 1123 (Ala.Cr.App.1992).
The appellant was indicted for murder, a violation of § 13A-6-2, Ala.Code 1975. The record reflects that the trial court charged the jury on the lesser included offense of reckless manslaughter (§ 13A-6-3(a)(1), Ala. Code 1975) (R. 450-52, 461-63.) The jury, however, was not charged on heat-of-passion manslaughter (§ 13A-6-3(a)(2), Ala.Code 1975). The jury verdict form indicated that the defendant was found guilty of "manslaughter," with no further specification.[1] (R. 23.) At the sentencing hearing, the trial court stated, "This man is here for sentencing. He was convicted of reckless manslaughter." (R. 484.)
Here, as in McCree, supra,
"the jury returned a verdict of manslaughter. By virtue of that finding that [the defendant] recklessly caused the death of his friend, the jury eliminated the element of [the defendant's] intentional use of a firearm as a means to take human life. The culpability of [the defendant] for recklessness was established by the jury's verdict. Otherwise, the guilty verdict would have reflected a higher degree of unlawful homicide. Therefore, the trial court was without authority to sentence [the defendant] under an enhancement statute that, by its terms, is invoked only by a degree of culpability higher than that for which [the defendant] had been found guilty."
McCree, 554 So.2d at 341 (emphasis in original).
The record establishes that the appellant was convicted of reckless manslaughter; thus, the firearm enhancement provisions of § 13A-5-6(a)(5) are inapplicable. Although the trial court did not specifically state that it was applying § 13A-5-6(a)(5) in setting the appellant's sentence at 168 months in prison, counsel for the appellant referred at the sentencing hearing to the applicability of § 13A-5-6(a)(5), and it appears that the court may well have applied that section to the appellant's sentence.
*479 Because the record does not affirmatively show that the trial court applied § 13A-5-6(a)(5) in sentencing the appellant, this case is remanded to the trial court. If the trial court applied § 13A-5-6(a)(5) in sentencing the appellant, the appellant must be resentenced without the application of that section. If the trial court did not apply § 13A-5-6(a)(5) in sentencing the appellant, then the trial court shall issue an order stating that that section was not considered in determining the appellant's sentence. The trial court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 35 days of the release of this opinion. The return to remand shall include a transcript of any proceedings conducted by the trial court.
REMANDED WITH DIRECTIONS.
All Judges concur.

On Return to Remand
LONG, Presiding Judge.
On November 11, 1996, we remanded this case with directions to the trial court to clarify whether it had applied Alabama's "firearm enhancement statute," § 13A-5-6(a)(5), Ala.Code 1975, in sentencing Jack Brian Railey to 168 months in the penitentiary for his conviction of reckless manslaughter. We further instructed the trial court that if it had applied § 13A-5-6(a)(5) in sentencing Railey, the court was to resentence Railey without applying that section. The trial court has submitted a record of the resentencing hearing, wherein the court states that it did not apply § 13A-5-6(a)(5) in sentencing Railey. The record on return to remand sufficiently establishes that Railey's sentence was properly determined without the application of § 13A-5-6(a)(5) and that Railey's sentence is within the statutory 2-to-20-year range for reckless manslaughter. See §§ 13A-6-3 and 13A-5-6(a)(2), Ala.Code 1975. Accordingly, the trial court's judgment is affirmed.
AFFIRMED.
All Judges concur.
NOTES
[1] The jury verdict form did not distinguish between the two types of manslaughter, and the jury did not specify in its verdict whether it found the appellant's conduct to be reckless or intentional. See Ward, supra, 689 So.2d 218, 219-20; Jenkins v. State, 640 So.2d 1053, 1055 (Ala.Cr.App.1993). As we have stated, however, the jury was instructed on reckless manslaughter only.