MADDOX, Justice
(dissenting).
I respectfully dissent from the majority’s decision to quash the writ of certiorari. Jack Brian Railey was charged with murder for shooting and killing his girlfriend, Constance A. McClenny, during an argument. Although Railey was charged with murder, the trial court instructed the jury on the lesser-included offense of reckless manslaughter. The jury found Railey guilty of the lesser charge, and the trial judge sentenced Railey to 168 months in prison.
Railey appealed his conviction, arguing that the trial judge erroneously applied the provisions of § 13A-5-6(a)(5), Ala.Code 1975, *480 Alabama’s firearm enhancement statute. Specifically, Railey contended that, because he was convicted of only reckless manslaughter, he had not been found to have the requisite intent necessary to apply the sentence-enhancement provisions of § 13A-5-6(a)(5). The Court of Criminal Appeals agreed. Relying on Ex parte McCree, 554 So.2d 336 (Ala.1988), that court stated: “The record establishes that the appellant was convicted of reckless manslaughter; thus, the firearm enhancement provisions of § 13A-5-6(a)(5) are inapplicable.” Railey v. State, 710 So.2d 477, 478 (Ala.Crim.App.1996). Because the record was unclear, the Court of Criminal Appeals remanded the case, instructing the trial court that, if it had applied the enhancement provisions, it was to resentence Railey without applying those provisions. On remand, the trial court specified that it had not applied the enhancement provisions of § 13A-5-6(a)(5) when it sentenced Railey, and the Court of Criminal Appeals, on April 18, 1997, on return to remand, upheld the conviction and the sentence.
The State petitioned this Court for certio-rari review of the Court of Criminal Appeals’ decision, arguing that, under the facts of this case, the enhancement provisions of § 13A-5 — 6(a)(5) should have been applied. I agree. It is undisputed that Railey committed at least a Class B felony and that this crime was committed with the use of a firearm. See § 13A-6-3(b), Ala.Code 1975. Therefore, I believe the enhancement provisions of § 13A-5-6(a)(5) apply. That section clearly states that “[f]or a Class B or C felony in which a firearm or deadly weapon was used or attempted to be used in the commission of the felony, [the sentence shall be] not less than 10 years.” I think this language clearly indicates the Legislature’s intent that the enhancement provisions be applied in a case such as this. As I explained in my dissent in McCree, I believe that construing § 13A-5-6(a)(5) as the Court of Criminal Appeals has construed it in this case could eliminate the statute’s minimum-sentence provisions in most cases involving Class B or C felonies, and I do not believe the Legislature intended such a result. McCree, 554 So.2d at 342 (Maddox, J., dissenting).